[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2010
JOHN LEY
CLERK

_____

No. 09-13554
Non-Argument Calendar
_____

D. C. Docket No. 08-21507-CV-WMH

ROBERT A. CHRISTIANSEN,

Plaintiff-Appellant,

versus

DIRECTOR CHARLES J. MCRAY,
Corrections & Rehabilitation,
MS. GRANNUM, Director,
Patient Care Corrections Health Services,
JACKSON HEALTH SYSTEMS,
TIMOTHY R. RYAN, Director,
Corrections and Rehabilitation,
S. MCKENZIE, RN, Supervisor/CHS
Manager, et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 26, 2010)

Before BIRCH, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Robert A. Christiansen, a state prisoner, appeals the district court's determination on damages in his *pro se* action brought pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his need to have his broken denture repaired. After defendants Urbina and McKenzie failed to answer Christiansen's complaint, the district court entered a default judgment against both. In granting the default judgment, the court ordered Urbina and McKenzie to repair Christiansen's broken denture. The court denied Christiansen other monetary damages, finding that he failed to establish a basis for monetary relief. After Christiansen filed his notice of appeal, we *sua sponte* dismissed Christiansen's appeal to the extent it attacked the district court's award of dental care, but allowed the appeal to go forward on the issue of damages. In his brief, Christiansen asks that we award him $1,000,000 in compensatory damages, $1,000,000 in punitive damages, any "ongoing dental care needed," and all other "appropriate" relief.

As an initial matter, the defendants/appellees did not file a notice of appeal or a cross appeal. Nevertheless, on appeal they argue that the district court erred in entering a default judgment against them in violation of 42 U.S.C. § 1997e(g)(1).

2

Because "an appellate court may not alter a judgment to benefit a nonappealing party," even assuming that the district court erred in entering a default judgment against Urbina and McKenzie, we do not have jurisdiction to address this issue. *Greenlaw v. United States*, 554 U.S. ___, ___, 128 S.Ct. 2559, 2564, 171 L.Ed.2d 399 (2008); *see also El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479-82, 119 S.Ct. 1430, 1434-36, 143 L.Ed.2d 635 (1999) (applying the rule in the civil context).

Under the Prison Litigation Reform Act, we "review the district court's findings of fact for clear error and its legal conclusions de novo." *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (quotation omitted). In general, we "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

"[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000). Consequently, when a plaintiff does not provide any "proof of a specific, actual injury caused by the defendants' conduct, [the plaintiff] is not entitled to compensatory damages." *Kelly v. Curtis*,

3

21 F.3d 1544, 1557 (11th Cir. 1994). Moreover,

> [g]enerally, in order to recover compensatory damages a plaintiff must meet not only the burden of proving the fact of damage but also the burden of proving a basis for a determination of the amount of damage. Although this burden of proving the amount of damage is not an onerous one, it must still be met.

*Stewart & Stevenson Servs., Inc. v. Pickard*, 749 F.2d 635, 648 (11th Cir. 1984). Finally, in order to receive punitive damages in § 1983 actions, a plaintiff must show that the defendant's conduct was "motivated by evil motive or intent" or involved "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983).

Upon review of the record and the parties' briefs, we find no reversible error in the district court's conclusion that Christiansen failed to establish a basis for a monetary award. Moreover, because we have already held that he lacks standing to appeal the district court's award of dental care, we do not have jurisdiction to review that decision.

**AFFIRMED.**